## Commonwealth *v.* Kreider, Appellant.

*Criminal law — Conspiracy to defraud creditors — Confessing judgment.*

An indictment for conspiring to defraud creditors sufficiently charges an indictable offense if it avers that the defendants "did falsely and maliciously conspire, and agree to cheat and de-

fraud," the prosecutor, naming him, and others whose names are unknown creditors of one of the named defendants by confessing and entering in the Court of Common Pleas a false and fraudulent judgment, naming the amount thereof, and the issuing execution thereon, "said judgment having been confessed," etc. In such a case it is not necessary that it should be averred that a judgment note was given, nor that the defendant named was insolvent, nor that the person to whom the judgment note was given was not a bona fide creditor.

A conviction on such an indictment will be sustained where it appears that prior to the confession of the fraudulent judgment, the defendant who confessed the judgment, gave a judgment note to the prosecutor which the latter immediately assigned to his wife, and that in bankrupt proceedings subsequently begun against the maker this note positively identified was presented to the referee for payment and was allowed a dividend. This clearly showed that the wife of the prosecutor was a creditor of the defendant at the time he confessed the fraudulent judgment.

Argued March 13, 1918.  Appeals, Nos. 3 and 4, Oct. T., 1917, by defendants, from judgment of Q. S. Lancaster Co., April Sessions, No. 42, on verdict of guilty in case of Commonwealth v. Ephraim Kreider.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Indictment for conspiracy to defraud creditors.

The indictment charged as follows: That Eph. R. Kreider and Edwin B. Eberly, late of the said county, yeomen on or about the 12th day of April, in the year of our Lord one thousand nine hundred and fifteen, at the county aforesaid, and within the jurisdiction of this court, with force and arms, etc., did falsely and maliciously conspire and agree to cheat and defraud Harry H. Moore and others, whose names are as yet to the Grand Inquest aforesaid unknown, creditors of the said Ephraim R. Kreider, of his and their moneys, goods and chattels, by confessing and entering in the Court of Common Pleas of said Lancaster County a false and fraudulent judgment in the sum of twelve hundred and fifty dollars ($1,250) to January Term, 1915, No. 817, and the issu-

ing of execution thereon, said judgment having been confessed by the said Ephraim R. Kreider in favor of the said Edwin B. Eberly.

Verdict of guilty on which judgment of sentence was passed.

On a rule for a new trial HASSLER, P. J., filed the following:

The defendants were convicted on an indictment charging them with conspiracy to defraud the creditors of Ephraim R. Kreider.   It appeared in evidence at the trial that Ephraim R. Kreider, one of the defendants, was indebted to the wife of H. H. Moore, the prosecutor, among others, and that he confessed a judgment to Edwin B. Eberly, the other defendant, for $1,250.   Shortly afterwards he was adjudged a bankrupt.   The defendants were convicted on a previous trial, and were granted a new trial on the ground of after-discovered testimony. See Com. v. Eberly & Kreider, 34 L. L. R. 105.

The first three reasons filed for a new trial at this time are general and without merit.   The fourth reason was disposed of in our opinion granting a new trial in this case, reported in 34 L. L. R. 105.

The fifth and sixth reasons are without merit and were not pressed upon the argument of this rule.   It is not necessary for the whole, or any, of the judge's charge to appear in the stenographer's notes, unless request has been made that it be done.   Act May 5, 1911, P. L. 161. As a matter of fact, however, it does appear in the stenographer's notes in this case.   The allowance of an interpreter to a witness is a matter of discretion for the court, and it is not contended that there was an abuse of that discretion in allowing it to the witness in this case.

It was argued by counsel for the defendants that there should be a new trial for the reason that the indictment charges that the defendants conspired to defraud the creditors of Ephraim R. Kreider, and the testimony failed to show that he had any creditors.   While this

matter is not embraced in the reasons for a new trial as filed, we will consider it.

The indictment charges that the defendants conspired, etc., "To cheat and defraud H. H. Moore and others, whose names are unknown, creditors of said Ephraim R. Kreider, etc." The testimony of H. H. Moore and E. M. Gilbert shows that Ephraim R. Kreider was indebted to H. H. Moore to the amount of $1,400 on March 3, 1915; that he gave him a judgment note for the amount, which H. H. Moore immediately assigned to his wife, Ella L. Moore. The judgment to Eberly was given by Kreider on April 12, 1915. Kreider was adjudged a bankrupt on April 23, 1915. On the distribution of Kreider's estate, some time subsequently, this note, positively identified, was presented to the referee for payment and was allowed a dividend. This clearly shows that Mrs. Moore was a creditor of Kreider's at the time he confessed the judgment to Eberly. There is, therefore, no merit in the contention of the defendants, and we discharge the rule for a new trial.

*Error assigned* was in submitting the case to the jury.

*John E. Malone,* with him *Amos E. Burkholder,* for appellants.—The indictment does not set forth any indictable offense: Com. v. Myers, 146 Pa. 24; Com. v. Hartmann, 5 Pa. 60; Com. v. Gallagher, 2 Clark 297.

This indictment fails to set forth that Kreider at the time he confessed the judgment to Eberly was insolvent, and likewise fails to set forth that Eberly was not a bona fide creditor.

There was no evidence offered to sustain the particular conspiracy charged in the indictment.

*B. F. Davis,* with him *Sumner V. Hosterman,* District Attorney, and *D. McMullen,* for appellee, cited: Com. v. George, 13 Pa. Superior Ct. 542; Com. v. Gallagher, 2 Clark 297.

OPINION BY HEAD, J., July 10, 1918:

An examination of this record discloses to us no reversible error on the part of the trial judge. The bill on which the defendant was tried fairly charged an indictable offense. The evidence produced by the Commonwealth, when accepted by the jury, provided a solid foundation on which the verdict could rest. Surely it could not be successfully contended, that the Court of Quarter Sessions of Lancaster County was robbed of its jurisdiction to try and determine the guilt or innocence of the defendant, because of any action taken by a referee in bankruptcy on the evidence produced before him on the question whether a certain note, given by a bankrupt, was or was not the result of a conspiracy to cheat and defraud some other person. The opinion of the learned court below refusing a new trial answers, in a satisfactory way, the various questions raised by the learned counsel for the appellant. We cannot perceive in the record any question of such general interest to the profession as to invite any elaborate discussion by this court. The assignments of error are overruled.

The record is remitted to the court below for the purpose of having carried into effect the sentence of that court.